IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JALON J. MOORE,<br><br>  **Petitioner,**<br><br>v.<br><br>JOHN J. FRANK,<br><br>  **Respondent.** | Case No. 3:21-CV-00010-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Jalon J. Moore, a defendant in a federal criminal case being held pre-trial at Alton City Jail, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), to challenge the conditions of his current custody under the circumstances of the Covid-19 pandemic. The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. For the reasons set forth below, the Court denies the petition and dismisses this action with prejudice.

### THE PETITION

Moore is currently being held at the Alton City Jail awaiting trial in this Court in *United States v. Rhines*, Case No. 3:19-cr-30058-NJR-2 (the "Pending Case"). He is charged with offenses relating to a series of violent robberies.

In his petition, Moore alleges that his rights under the Fourteenth Amendment have been violated through the conditions of his confinement during the Covid-19 pandemic, including the denial of Covid-19 testing and the lack of sufficient prophylactic measures

1

taken to prevent infection. Moore states that he seeks immediate release to home confinement or transfer to another facility.

## ANALYSIS

Moore's claims related to the conditions of confinement and lack of medical treatment are not habeas claims and cannot be pursued in a § 2241 petition. A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody—whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner is not challenging the fact of his confinement, but instead the conditions under which he is being held, he must bring the claim in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). As Moore notes, the Seventh Circuit did state in *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005), that the Supreme Court had "left the door open a crack" for prisoners to use habeas petitions to challenge conditions of confinement. The Seventh Circuit, however, has subsequently explained the limited nature of that opening, explaining that "[w[hen there isn't even an indirect effect on duration of punishment … we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions." *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011). Here, Moore asks for a shift to home confinement or transfer to another facility, but there is no indication that either of these options would affect the duration of his custody. Accordingly, his claims are not suitable for a habeas petition.

While courts have in the past construed a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.3d at 381-82, the Seventh Circuit has made it clear that this practice is improper. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). This is particularly true where conversion of the case may lead to unfavorable consequences for the petitioner under the Prison Litigation Reform Act. *See Bunn*, 309 F.3d at 1007. Here, such consequences could include those associated with possible exhaustion defenses, the failure to name the correct defendants, and the potential for a "strike" under 28 U.S.C. § 1915(g). As such, this Court will not re-characterize the instant habeas petition as a complaint for a civil rights action, and it offers no opinion regarding the merits of those claims.

Similarly, this Court will not entertain what amounts to an appeal of a ruling in the Pending Case denying Moore's release due to COVID-19. Moore filed a Motion for Reconsideration of Bond Determination and for Immediate Release (Pending Case, Doc. 101). That motion was denied. (Pending Case, Doc. 107). As the Seventh Circuit recently reiterated, a federal detainee's request for release pending trial can be considered under only the Bail Reform Act, and not a § 2241 petition. *Fredrickson v. Terrill*, 957 F.3d 1379 (7th Cir. 2020).

## Conclusion

Moore's Petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1), is **DISMISSED** with prejudice. The Clerk of Court is directed to enter judgment accordingly.

If Moore wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Moore plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Moore does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the

amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Moore to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:** January 21, 2021

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ */s/ Nancy J. Rosenstengel*
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **NANCY J. ROSENSTENGEL**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **Chief U.S. District Judge**